UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JERROD A. SMITH, | ) | C/A No.  4:13-cv-3090-BHH-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| WARDEN, LIEBER CORRECTIONAL INSTITUTION, | ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Jerrod A. Smith (Petitioner/Smith), is currently incarcerated at Lieber Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on November 14, 2013. Petitioner filed an amended petition on December 12, 2013. Respondent filed a motion for summary judgment on May 23, 2014, along with a return, supporting memorandum, and exhibits. (Docs. #37 and #38). The undersigned issued an order filed May 27, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #39). Petitioner failed to file a response.

## RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

(2)   the amount of prejudice to the defendant;

(3)   the history of the plaintiff in proceeding in a dilatory manner; and,

(4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's supplemental motion for summary judgment or the court's orders requiring him to respond.[2] No other reasonable sanctions are available.  Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

In the alternative, it is recommended that this action be dismissed as barred by the statute of limitations. However, the procedural history is set forth for reference purposes.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent in his memorandum has not been

---

[2] On June 23, 2014, Petitioner filed a motion for extension of time to respond to Respondent's motion for summary judgment. This motion was granted on June 23, 2014, giving the Petitioner until July 30, 2014, to file a response to Respondent's motion for summary judgment. (Doc. #43). Petitioner failed to file a response.

2

disputed by the Petitioner. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

Petitioner, Jerrod A. Smith, a/k/a Jerod Antonio Smith, #332154, (Smith), is presently confined in the Lieber Correctional Institution, of the South Carolina Department of Corrections (SCDC), as the result of his Charleston County conviction and sentence. The Charleston County Grand Jury indicted Smith in March 2007 for grand larceny ($1000-$5000) (2007- GS-10-4286) murder (2007-GS-10-4288), and burglary in the first degree (2007-GS-10-4289). App. pp. 91-94. Peter Brown, Esquire, represented him on these charges.

On December 5, 2008, Smith pleaded guilty to burglary in the first degree, involuntary manslaughter and grand larceny, before the Honorable R. Markley Dennis, Jr. Judge Dennis sentenced him to twenty-three years imprisonment for burglary in the first degree and to concurrent five year sentences for involuntary manslaughter and grand larceny. App. pp. 3-7; 10-14; 27-29; 34-57; 68-72; 75-89.

Smith timely served and filed a notice of appeal. Assistant Appellate Defender Lanelle C. Durant represented him on appeal. On August 3, 2009, Ms. Durant filed a Final Anders Brief of Appellant on Smith's behalf and petitioned to be relieved as counsel. App. pp. 95-105. The only Question Presented in the Final Anders Brief was stated as follows:

> Did the trial court violate appellant's constitutional rights by sentencing him to a disproportionate sentence?

App. p. 98. Smith did not file a *pro se* response to the Anders brief filed by appellate counsel.

On January 28, 2010, the South Carolina Court of Appeals dismissed Smith's appeal. State v. Jerrard A. Smith, 2010-UP-063 (S.C. Ct.App, Jan. 28, 2010). App. pp. 106-07. The Court sent the Remittitur to the Charleston County Clerk of Court on February 16, 2010.

Smith filed a *pro se* Post-Conviction Relief (PCR) Application (2011-CP-10-754) on February 1, 2011. App. pp. 108-14. He alleged the following grounds for relief in his Application:

> 10-11(a). Ineffective [Assistance] … of trial counsel. My attorney failed to investigate the facts and circumstances surrounding my criminal accusation.
>
> 10-11(b). Constitution[al] violation and statutory violation/ Involuntary guilty plea [b]y sentencing me in excess of [the] statutory maximum for involuntary manslaughter.

App. p. 110. The State filed its Return on March 23, 2011. App. pp. 115-19.

The Honorable Kristi Lea Harrington held an evidentiary hearing into the matter on November 14, 2011, at the Charleston County Courthouse. Smith was present at the hearing and Lee Cannon Weatherly, Esquire, represented him. Assistant Attorney General Matthew J. Friedman represented the State. Smith testified on his own behalf and he presented the testimony of plea counsel, Mr. Brown. App. pp. 120-53.

Judge Harrington denied relief and dismissed the Application with prejudice in an Order of Dismissal filed on November 28, 2011. App. pp. 155-62.

Smith timely served and filed a notice of appeal. Assistant Appellate Defender Robert M. Pachak represented him in collateral appellate proceedings. On April 9, 2012, Mr. Pachak filed a Johnson Petition for Writ of Certiorari on Smith's behalf and petitioned to be relieved as counsel. The only Question Presented in the Johnson Petition was stated as follows:

> Whether plea counsel was ineffective in his representation of petitioner?

Johnson Petition for Writ of Certiorari at p. 2.

Smith filed a *pro se* response to the Johnson Petition, dated May 22, 2012, which was received by the Supreme Court of South Carolina on May 29, 2012. Smith presented the following

4

issues, *pro se*:

> [1.] Trial Attorney was ineffective for not filing a motion to dismiss when the State failed to dispose of defendant's case within 180 days of statute of limitation[s] of the S.C. Supreme Court Order in addition the court of general session[s] forfeited jurisdiction when it didn't try defendant within 180 days statute of limitation[s].
>
> [2.] Process of Requesting Grand Jury [empanelment] document. …. Petitioner has the right to obtain and review the [state's] petition[], supporting materials and the judge's Order impaneling the State Grand Jury which indicted him. .. Trial counsel should have obtained the documents in the order to determine whether the state Grand Jury [that] indicted Petitioner had been properly impaneled pursuant to S.C. Code Ann. § 14-7-1630 (Supp. 2003);
>
> [3.] The circuit court would lack subject matter jurisdiction in any case the state Grand Jury was not properly impaneled.
>
> [4.] [The] lawyer testified that he [did] not recall discussing the indictments with Applicant.
>
> [5.] [The] lawyer testified that I was facing 18-30 years on burglary charge but told client that the max was life, on the day of the guilty plea.
>
> [6.] [Petitioner was not guilty of burglary in the first degree because he was given permission to enter the dwelling by the victim's sister. The charge against Petitioner should have been "entering without breaking," under S.C. Code Ann. § 16-13-170 (1976)]. Lawyer was ineffective ….
>
> [7.] Smith was sentence[d] to the max on involuntary manslaughter …. Judge told Smith that 15 years was warranted …. Judge then stated that he was not going to give Smith 15 years [because of] the death of the victim but Smith got the max on involuntary manslaughter. … Smith had no knowledge that [the] victim would die, [and] Smith had no prior record[.] Lawyer was ineffective … because Smith was sentence[d] twice for one offense.

The Supreme Court of South Carolina filed an Order denying certiorari and granting counsel's petition to be relieved on April 17, 2013. It sent the Remittitur to the Charleston County

5

Clerk of Court on May 6, 2013.

## PETITIONER'S GROUNDS FOR RELIEF

In his amended Petition for Writ of Habeas Corpus, Petitioner raises the following grounds:

GROUND ONE:   At the PCR hearing, Applicant alleged that counsel did not completely advise him regarding the likely sentence and the tendencies of the Judge and plea lawyer did not seek clarification of confusing sentence.

GROUND TWO:   Ineffective assistance of plea counsel in that counsel failed to investigate the facts and circumstances surrounding Applicant's criminal accusation.

(Petition).

## SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

7

## DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent argues that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed within the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[3] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the

---

[3] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

8

> right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner pleaded guilty in state court on December 5, 2008. Petitioner filed a direct appeal which was dismissed by the South Carolina Court of Appeals on January 28, 2010, with the remittitur being issued on February 16, 2010. To pursue review with the South Carolina Supreme Court by petitioning for a writ of certiorari, Petitioner was required to first petition the Court of Appeals for rehearing. See Rule 242(c), SCACR (stating "[a] decision of the Court of Appeals is not final for the purpose of review by the Supreme Court until the petition for rehearing or reinstatement has been acted on by the Court of Appeals ."). Because Petitioner did not file a Petition for Rehearing, his convictions would have become final fifteen days after the Court of Appeals filed its opinion. See Rule 221(a), SCACR (stating "[p]etitions for rehearing must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court."). Petitioner's conviction became final on February 12, 2010, fifteen (15) days after the dismissal of his direct appeal. See Gonzales v. Thaler, —U.S. ----, 132 S.Ct. 641, 656, 181 L.Ed.2d 619 (2012) ("...with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under 2244(d)(1)(A) when the

9

time for seeking such review expires..."); see also rule 221(a), SCACR.[4] The one-year limitations period began running on February 12, 2010. Petitioner had one year from this date to file his federal habeas corpus action unless the period was at any time tolled. *See, e.g.,* Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998). Petitioner filed his PCR application on February 1, 2011. Therefore, three hundred fifty-three (353) days elapsed between the conviction becoming final and the time the PCR was filed. Petitioner filed a writ of certiorari appealing his PCR decision. The appeal was denied by the South Carolina Supreme Court on April 17, 2013, at which time the statute of limitations resumed. Petitioner did not file his federal habeas petition until November 14, 2013, with a Houston v. Lack, supra, delivery date of November 12, 2013. However, even using the date of November 12, 2013, the instant petition is time-barred and should be dismissed.

In the case of *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In Harris, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998.

---

[4] The Petitioner is not entitled to toll the ninety (90) days to seek certiorari review from the United States Supreme Court since he did not seek review from the South Carolina Supreme Court. See Pfeil v. Everett, 9 Fed.Appx. 973, 977(10th Cir.2001); Reddock v. Ozmit, No. 09–204, 2010 WL 568870 at ——3–5 (D.S.C. Feb.11, 2010); Anderson v. Warden of Evans Correctional Institution, No. 10–987, 2010 WL 5691646 (D.S.C. Sept.7, 2010), adopted by, 2011 WL 380651 (D.S.C. sept. 7, 2010); Martino v. Cartledge, No. 09–527, 2010 WL 569093 (D.S.C. Jan 4, 2010); Hammond v. Hagan, No. 07–1081, 2008 WL 2922860 (D.S.C. July 24, 2008).

> Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

The United States Supreme Court has held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases. Holland v. Florida,560 U.S. 631, 130 S.Ct. 2549, 2552–2554, 2560–2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir.2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (0 Cir.2000)). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y.2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir.2000); Marengo, 342 F.Supp.2d at 230. "[T]he party seeking equitable tolling must [also] have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (*quoting* Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 [" 'Petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."] (*quoting* Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

There is no evidence that warrants equitable tolling. Petitioner has not demonstrated that he pursued his rights diligently or that some extraordinary circumstances stood in his way to prevent him from timely filing his federal habeas petition. Therefore, it is recommended that the petition be dismissed as barred by the statute of limitations, and Respondent's motion for summary judgment

should be granted.

## **CONCLUSION**

As set out above, the Petitioner's federal habeas corpus petition should be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b), with prejudice. Alternatively, it should be dismissed as barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (document #38) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

It is further RECOMMENDED that any outstanding motions be deemed MOOT.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
August 8, 2014                                                                  United States Magistrate Judge
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**